**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

In re:                                                               :           Case No. _____
    Thomas J. Fay                                          Chapter 13
    Katherine L. Fay                                    :           Judge _____

    Debtor(s)                                                 :

                                                                         :           **CHAPTER 13 PLAN**
                                                                                    **(Form dated 12/11)**

                                                                         :

**CHOOSE ONE: (X)**

   X    Debtor(s) are eligible for discharge under Section 1328(f).

_____ Debtor(s) are not eligible for discharge under Section 1328(f).

**1.      MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**
**A.      MEDIAN INCOME - CHOOSE ONE: (X)**

    ABOVE MEDIAN INCOME _____
    (Current monthly income (CMI) minus means test expenses = Disposable income (D/I)
    D/I (line 59 of the means test) $_____ TIMES 60 = $_____

    OR

    BELOW MEDIAN INCOME ___X___

**B.      PLAN PAYMENT**

The Debtor(s) shall pay to the Trustee ~~all projected disposable income in~~ the amount of $720.00 each month for approximately __51__ months, but not to exceed five (5) years. If the plan is determined to be 'under 36 months' ~~or above median and 'under 60 months'~~ the Trustee will serve a notice upon Debtor(s) and Counsel and increase the percentage. Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments ~~or 60 months if above median~~. This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

**C.      PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT**
**CHOOSE ONE: (X)**

_____ This is a pot plan.

___X___ This is a percentage plan. The percentage is __1.0 (one)__ %.

~~If above median: 'Percentage is ____% at 60 month plan - but 2 month leeway built in for suspensions/emergencies.'~~
The liquidation percentage for this plan is __-0-__% and Trustee will pay this amount at a minimum or the disposable income amount, whichever is greater. Liquidation percentage per 11 U.S.C. section 1325(a)(4).
(Equity) $__*__ divided by (unsecured debt) $__*__ equals (Liquidation plan percentage) __*__ %. (Note to Counsel: Add amount from means test into this equation if it is a positive amount.) *See special provision.

**Pot plan analysis:**
Trustee will pay the creditors the pot plan amount of $ n/a . Anticipated pot plan percentage is n/a % (See LBR 3015-1(b)(2)). Case will pay $ n/a per month for approximately n/a months which equals $ n/a . Unsecured creditors

1

will receive a minimum of  n/a % pursuant to the liquidation analysis.  Trustee is authorized to increase this pot amount, if necessary, in order to pay all claims as filed or meet the liquidation analysis. The Trustee will serve a notice upon debtor and Counsel and increase the percentage/pot.

 **D.     PAYROLL DEDUCTION**

The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. section 1326 (a)(1).  The Employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee.

>     Employer is:  Valco Cincinnati, Inc., 497 Circle Freeway Dr, Cincinnati, OH 45246

Until the payroll order begins, the Debtors(s) **MUST** make payments by certified check or money order to: Office of the Trustee, P.O. Box 290, Memphis, TN 38101-0290.  Debtor(s)' full name, case number and address must be on all certified checks or money orders.  If Debtor(s) are employed, Debtor(s)' Counsel has uploaded an Order for payroll with the filing of this Chapter 13.  Debtor(s) MUST VERIFY with their payroll that funds have actually been sent.

**2.     EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE**

The effective date of the Plan shall be the date of confirmation of the Plan.  Title to the Debtor(s)' property shall revest in the Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1(c), unless the unencumbered value of the personal property is less than $1,000.

**3.     FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS.**

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order.  See Fed. R. Bankr. P. 3002(c).  The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.  All priority creditors under 11 USC Section 507 shall be paid in full in deferred cash payments. . Priority claims include the following:

1. _____
2. _____

**4.     ATTORNEY FEES.**

The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court.  Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then  $250.00 (if available, if not, such lesser amount that is available)  every month until the balance of the attorney fees are paid.  After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors. If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

**5.     ADEQUATE PROTECTION PLAN DISBURSEMENTS -**

Debtor(s) shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. section 1326(a)(1)(B) and (C) and as scheduled in the plan to the Chapter 13 Trustee.  If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate protection payments to the creditor.  The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. | | |
| 2. | | |

2

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt determined under applicable non Bankruptcy law or entry of discharge, whichever occurs first. See 11 U.S.C. Section 1325(a)(5)(B)(i)(I)(aa)(bb). When either of these conditions have has been fulfilled, creditor must release transfer the title to any collateral pursuant to applicable non- Bankruptcy law within thirty (30) days.

**6.     SECURED CLAIMS: 11 U.S.C. 1325 (a)(5)(B)(ii)**
Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt or entry of discharge, whichever occurs first. When these conditions have been fulfilled, creditor must transfer the title to any collateral pursuant to non-Bankruptcy law within thirty (30) days. Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims

**7.     CLAIMS TO WHICH 11 U.S.C. Section 506(a) IS NOT APPLICABLE (910/PMSI)**
Debtor(s) incurred the following PMSI debt on an automobile for personal use within 910 days of filing or Debtor(s) incurred this debt for a PMSI within one year of filing for collateral other than an automobile.

| | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

**8.     VALUATION: (Cramdown Claims) 11 U.S.C. Section 506**
The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise. Fees, costs or charges on the proof of claim must be reasonable as required by 11 USC Section 506(b). If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible

| | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1. | Harrison Bldg & Loan (land & MH) | $240.00 | $16,000.00 * |
| 2. | Inland Empire Inds (tools) | $10.00 | $175.00 |
| 3. | Fairfield Resort/Wyndham | $-0- | $-0- ** |

\* See special provision in paragraph 30(d)
\*\* See special provision in paragraph 30(e)

**9.     DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);**
**A. CHOOSE ONE: (X)**

____X____  This section is not applicable.

**OR**

_____  Debtor(s) _____ (NAME) is obligated to pay a domestic support obligation.

**B. COMPLETE IF APPLICABLE - CHOOSE ALL THAT APPLICABLE: (X)**

_____  Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and is current on this obligation.

_____  Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and the current payroll deduction also includes any arrearage amount.
_____  The Trustee shall make the current disbursement in the amount of $_____ monthly. The monthly arrearage payment is $_____.

    _____    The Trustee shall pay outstanding support arrears totaling $_____ and the payment on such arrears shall be $_____ monthly.

    _____    Debtor(s) will make this payment directly to this creditor as reflected on Schedule J and is current on this obligation.

    _____    Debtor(s) will make this payment directly to this creditor as reflected on Schedule J and the direct payment also includes any arrearage amount.

The name, address and phone number of the holder of the domestic support obligation is also listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required. The name, address and phone number of the Recipient and Enforcement Agency are as follows:

Recipient: _____    Enforcement Agency: _____
Address: _____    Address: _____
City, St Zip: _____    City, St Zip: _____
Phone No: _____    Phone No: _____

**10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"**
Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Monthly Payment to be Cured | Amount of Default Paid (Y/N) | Interest |
|---|---|---|---|
| 1. Bank of Amer (mort) | $150.00 | $8,900.00 | N |
| 2. | | | |

Arrearage claims: Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest. Unless modification of creditor(s)' rights is specified in the Plan, the Debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to Debtor(s)' objections thereto).

**11. MORTGAGE CLAIMS – Post Petition Mortgage Payment Disbursed By Trustee (conduit)**
**Regular mortgage payment**
Any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim. See Fed. R. Bankr. P. 3001 and 3002.1 for forms. (Mortgage Proof of Claim Attachment; Notice of Postpetition Mortgage fees, expenses, charges; Notice of Mortgage Payment Change)

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| 1. | | |
| 2. | | |

Interest should not be paid on this monthly payment. Trustee may increase the plan payment for conduit cases if served with a filed Notice of Payment change by Mortgagee.

**12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE** Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| 1. Bank of Amer (mort) | $705.00 | August 1, 2012 |
| 2. | | |

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

**13. EXECUTORY CONTRACTS IF APPLICABLE**
See Statement of Executory Contracts, Schedule G.

| Creditor | Monthly Payment | Payment Begin Date | Assume/Reject |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

**14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**
Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor(s) may file a motion to remove or add any creditor to the Plan.

**15. INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of  4.75 %. This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)

**16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)**
The Debtor(s) shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor(s) may be entitled. Before the claim can be settled and distributed, the Debtor(s) must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

**17. TAX RETURNS AND REFUNDS**
Debtor(s) must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes. Any refund above $800.00 for a single tax return and $1,600.00 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

**18. TRANSFERRED CLAIMS**
If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. See Fed. R. Bankr. P. 3001(e)(2).

**19. SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING**
Sale or refinancing of real estate must occur per the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one day before the closing.

**20. CASUALTY LOSS INSURANCE PROCEEDS**
All insurance proceeds must be turned over to the Trustee unless the Debtor(s)' Counsel files a motion to retain proceeds.

**Substitution of Collateral**
If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the Debtor(s), upon motion and order, shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or **MOVE** to substitute collateral by purchasing a replacement vehicle. If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the Trustee will continue to pay the secured claim.

**21. STUDENT LOANS**

**CHOOSE ONE (X)**

___X___   This section is not applicable or no special treatment is contemplated for student loans, which shall be paid the same as other general unsecured creditors pursuant to Paragraph 1(C) of this Plan.

_____   Student loans will be paid a dividend as listed below. (Note: You may only pay interest to an unsecured creditor if all claims are paid in full. 11 U.S.C. Section 1322(b)(10))

| Creditor | Percentage Paid | Contractual Rate of Interest – if case is 100% |
|---|---|---|
| 1. | | |
| 2. | | |

_____   Student loans are being paid direct by cosigner and shall not be paid through the plan.

| Creditor | Name of Cosigner paying |
|---|---|
| 1. | |
| 2. | |

**22.     SURRENDER OF COLLATERAL**

If the Plan provides for surrender of collateral in paragraph 30 below to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral. Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender. Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

**23.     DISCHARGE - 11 U.S.C. Section 1328**
**CHOOSE ONE: (X)**

___X___   Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. Section 1328 have been fulfilled.
**OR**

_____   Debtor(s) SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor(s) have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor(s) have received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. Section 1328). Debtor(s) filed this bankruptcy case on _____. Debtor(s) have previously filed a Chapter 7/13 on _____. (Case no.: _____). Unless otherwise provided herein, the Debtor(s) will not be discharged from debts under 11 U.S.C. section 1322(b)(5) in this case.

**24.     AUTOMATIC STAY: Indicate if a motion to extend stay has been filed.**
**CHOOSE ONE: (X)**

_____   Stay is in effect as to all property of the estate unless this plan indicates otherwise.

___X___   11 U.S.C. Section 362(c)(4)(B). PRIOR CASES (more than two) PENDING WITHIN ONE YEAR

_____   11 U.S.C. Section 362(c)(3). PRIOR CASE (one) PENDING WITHIN ONE YEAR

_____   11 U.S.C. Section 362(b)(20) in rem relief TWO YEARS after the date of entry of order

**25.     CODEBTORS**

Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 USC Section 1301, and which co-signers, co-makers, or guarantors are not also Chapter 13 debtors may be separately classified.

| | Creditor | Percentage Paid | Interest Paid (none or indicate %) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

**26.    DEFAULT AND WAIVER**

Any default of the Debtor(s) that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

**27.    MODIFICATION**

After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the Debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the Debtor(s) or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments. After confirmation, Debtor(s) must file a motion to modify and attach amended schedules I and J based on income and budget at the time of the filing of the motion, as applicable.

**28.    NOTICES**

Notice to all parties shall be made by regular mail or electronically.

**29.    CONFIRMATION**

The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the Debtor(s) in good faith and it is the Debtor(s)' best effort. All conditions of 11 U.S.C. section 521 have been fulfilled or the Debtor(s) have requested an order from the Court.

**30.    ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)**

   a.    This plan is the standard plan form for Cincinnati. If you use it, any deviation there from there from MUST be noted in this Paragraph 30.

   b.    Changes to the standard plan form have been made as follows: paragraph 1B and 1C to show deletion of language included in the standard plan form which is not agreeable to the Debtor(s) and which is believed by the Debtor(s) to not be required by the bankruptcy code or applicable case law; paragraph 4 to include descriptive language in the blank for specifying the monthly amount to be paid in the event insufficient funds are available to pay the specified amount; and paragraph 9 to clarify applicability of subsection B. and provide space for pertinent information concerning the enforcement agency. In paragraph 1C, the calculation of the liquidation percentage relating to 11 U.S.C. 1325(a)(4), inclusive of hypothetical costs of sale, trustee fees, allowed secured claims, and exemptions, is set out in the separately filed liquidation analysis.

   c.    If a mortgage holder receiving treatment under 11 U.S.C. 1325(b)(5) obtains final relief from stay on the real estate commonly known as 3800 Central Ave, Middletown, OH, the following alternative treatment shall apply: 1) the Trustee shall cease disbursements on all claims secured by such property and resume disbursements on the resulting unsecured claim(s), if any, only after an amended proof of claim is timely filed by such affected creditor(s); 2) such mortgage holder shall file a report of sale with the Court if any excess proceeds are received; and 3) the claim(s) of such creditor(s) shall be considered "provided for by the plan" as that phrase is used in 11 USC 1328(a) and discharged upon completion of the Plan. A proof of claim shall be considered timely filed for purposes of the foregoing only if an original proof of claim was timely filed and the resulting amended proof of claim is filed within 270 days following the date such final relief from stay is entered;

   d.    The claim of Harrison Bldg & Loan secured by a mortgage upon the real property commonly known as 2114 Wren Ave, Fairfield, OH and a lien noted on the certificate of title to a 1967 Fawn single wife mobile home

    shall be modified and receive the treatment contemplated by paragraphs 1(C) and 8 above as a consequence of such mortgage holder not being secured solely by real property that is the principal residence of the Debtor(s) as permitted under 11 U.S.C. 1322(b)(2).

e. SURRENDER Fairfield Resort of Gatlinburg, TN - The claim of the Creditor, Fairfield Resort/Wyndham, secured by a timeshare in the aforesaid resort is hereby surrendered by the Creditor. The Trustee will not pay on the claim of such Creditor until the Creditor files a deficiency claim. Such deficiency claim, if any, shall be filed no later than 270 days from the date the within Plan is confirmed by the Court. If the deficiency claim is filed more than 270 days after the date the Plan is confirmed/approved, then it shall be deemed disallowed and shall be discharged upon completion of the Plan and entry of Discharge.

Respectfully Submitted,

_____            _____
Date                       David A. Kruer OH-0038987
                           DAVID KRUER & COMPANY, LLC
                           Attorneys for Debtor(s)
                           118 W. 5th Street, Suite E
                           Covington, KY 41011
                           (859) 291-7213

The undersigned Debtor(s) declare under penalty of perjury that the information in the plan is true and correct.

_____            _____
Date                       Thomas J. Fay

_____            _____
Date                       Katherine L. Fay